UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | ) | |
|---|---|---|
| KENNETH KNOLL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15-cv-136 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| PAUL ANDREW BROEKHUIZEN, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| | ) | |

This is a civil action brought by *pro se* by Kenneth Knoll. On February 12, 2015, Mr. Knoll filed the following two-paragraph complaint against Paul Andrew Broekhuizen and Yuliya A. Broekhuizen:

> On December 3, 2014 the Honorable Judge Quist sentenced David McQueen and Trent Francke to 40 years and 7 years respectively in federal prison for perpretrating [sic] a $46.5 million Ponzi scheme. Paul Broekhuizen, one of their 2nd tier associates, fraudulently convinced me and my wife Kim to loan McQueen and Francke $575,000, all of which was lost. Paul and his wife Yuliya have received no jail time, but rather have profitted [sic] over $95,000, paid to them from our invested capital, as recompense for initially involving us in their mutual confidence scam and discouraging us from withdrawing the funds.
>
> I respectfully ask the court to order Paul and Yuliya Broekhuizen to return to us $85,300, money that was illegally taken from us, money that they received as 1% monthly commissions from Mr. McQueen and Mr. Francke.

The caption of the complaint indicates that all parties are Michigan residents.

Plaintiff's complaint contains no allegations regarding jurisdiction. The federal courts are of limited jurisdiction. They possess only that power authorized by the Constitution and federal statutes. *See Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *United States v. Lucido*, 612 F.3d 871, 873 (6th Cir.2010). The district court has the obligation to raise a lack of

subject-matter jurisdiction on its own motion.  *See Gonzales v. Thaler*, 132 S. Ct. 641, 648 (2012); *Vander Boegh v. Energy Solutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014); *see also Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011) (raising jurisdiction *sua sponte* and directing the lower court to dismiss the action because it was "exactly one penny short of the jurisdictional minimum of the federal courts").  Diversity jurisdiction under 28 U.S.C. § 1332 is not available because all parties are Michigan residents.  It has always been the law that complete diversity is required; that is, all plaintiffs must be of different citizenship from all defendants.  *See City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69–70 (1941); *Strawbridge v. Curtiss*, 7 U.S. 267 (3 Cranch) (1806); *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005).  Section 1331 creates federal jurisdiction for civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  Here, plaintiff has not cited, nor can the undersigned discern from the facts alleged in the complaint, any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief against defendants.

### Recommended Disposition

For the foregoing reasons, I recommend that plaintiff's complaint be dismissed for lack of subject-matter jurisdiction.

Dated:  February 23, 2015         /s/  Phillip J. Green
                                  United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).